UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE SKELLETT, #183067,                )
     Plaintiff,        )
                                        ) No. 1:19-cv-703
-v-                                     )
                                        ) Honorable Paul L. Maloney
HEIDI WASHINGTON, *et al.*,             )
     Defendants.       )
                                        )

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Skellett, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed a civil rights complaint under § 1983 and Title II of the Americans With Disabilities Act (ADA).

After an initial screening, the Court dismissed all but two claims: (1) an Eighth Amendment claim against Defendant Holmes (doctor providing medical services at the facility) and (2) an ADA claim against Defendant Washington (warden at the facility) in her official capacity. (ECF Nos. 9 and 10.) Plaintiff filed a motion for summary judgment. (ECF No. 23.) Defendant Holmes filed motion for summary judgment. (ECF No. 25.) And, Defendant Washington filed a motion for summary judgment. (ECF No. 34.)

The Magistrate Judge issued a report recommending this Court deny Plaintiff's motion and grant the motions filed by Defendants. (ECF No. 39.) Plaintiff filed objections and then filed a motion to amend his objections, which the Court granted. Defendant Holmes filed an additional response to the amended objections. After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days

to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

### A. Plaintiff's Motion

The Magistrate Judge addresses both of Plaintiff's claims. The ADA claim should be denied because Plaintiff did not provide any evidence to show that any MDOC official denied him an opportunity to participate in or benefit from any MDOC service, program or activity. The Eighth Amendment claim should be denied because Plaintiff's claim is little more than a disagreement with a medical decision. Plaintiff does not specifically object to these recommendations.

### B. Defendants' Motions

Defendants both assert Plaintiff exhausted only one grievance through Step III. On the initial form, Plaintiff stated that the last incident occurred on April 15, 2019. (ECF No. 25-2 PageID.275.) Plaintiff states that he tried to resolve the issue on April 24, nine days later. Plaintiff did not, however, describe what attempts he made to resolve the issue with staff. The MDOC rejected the grievance at Step I. "Rejected - failed to attempt to resolve issue with staff." (ECF No. 35-2 PageID.349.) MDOC upheld the rejection at Step II ("The rejection is upheld at Step II."). (*Id.* PageID.348.) MDOC also upheld the rejection at Step III. ("The rejection is upheld.") (*Id.* PageID.346.)

Defendants both argue the Court should dismiss Plaintiff's claims because he did not exhaust his administrative remedies. Defendant Holmes argues Plaintiff did not attempt to resolve this issue with him in the allotted timeframe prior to filing the grievance. Defendant Washington also argues Plaintiff failed to exhaust his administrative remedies because the grievance was not timely. Alternatively, Washington argues the grievance did not identify her or make a claim under the ADA.

The Magistrate Judge concludes Plaintiff did not timely comply with the requirement that he try to resolve the issue with staff no later than two days after realizing he had a grievable issue.

Plaintiff objects. Plaintiff attempts to explain that his grievance was timely. Plaintiff argues that when MDOC officials decline to enforce their own procedural rules, they cannot later invoke those procedural rules in a civil lawsuit.

Plaintiff's objections are overruled.

First, the grievance was not timely filed. Plaintiff argues about the dates the grievances were mailed and the dates they were received. This objection is not convincing. Neither the MDOC nor the Magistrate Judge relied on the mailing or receipt dates to reach their conclusions. Based solely on the dates provided by Plaintiff in the grievance itself, the grievance was denied. The Magistrate Judge further noted that Plaintiff did not argue or establish with evidence that he was prevented from circumstances beyond his control from attempting to resolve the issue with staff.

Second, MDOC's response to the initial grievance did not waive Defendants' ability identify other procedural problems with Plaintiff's attempts to the exhaustion his remedies.

Where MDOC addresses the grievance on the merits, it waives the procedural objections. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010). Here, MDOC denied the grievance for a procedural reason: Plaintiff failed to try to resolve the issue with staff. In their motions, Defendants identify a different procedural problem: the timing of the grievance. The Court declines to interpret *Reed-Bey* as broadly as Plaintiff would like. The Sixth Circuit has not held that rejecting a grievance for one procedural issue waives all other procedural deficiencies. Although there may be good reasons for the MDOC to identify more or even all procedural deficiencies when rejecting a grievance (*e.g.*, better use of resources), they are not required to do so. *See, e.g., Cary v. Washington*, No. 17-13217, 2018 WL 5117812, at *7 (E.D. Mich. July 31, 2018) (holding that rejecting a grievance for one non-merit based reason does not forfeit other non-merit based reasons which can be raised to show the failure to exhaust).

Third, for his ADA claim against Defendant Washington, Plaintiff makes repeated references to MDOC Grievance Policy 04.06.155 "Offenders With Disabilities." That Policy Directive became effective on August 1, 2018. Plaintiff submitted his CSJ-562 Offender Request for Reasonable Accommodation form on March 14, 2018, before the new directive was promulgated and became effective. (ECF No. 5-2 PageID.122.)

For these reasons, the Court **ADOPTS** as its Opinion the Report and Recommendation (ECF No. 39). Plaintiff's motion for summary judgment (ECF No. 23) is **DENIED.** Defendants' motions for summary judgment for failure to exhaust grievances (ECF Nos. 25 and 34) are **GRANTED** and Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE.**

The Court has reviewed the record for the purpose of determining whether any appeal would be taken in good faith. *See Neitze v. Williams*, 490 U.S. 319, 327-30 (1989); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Although the Court concludes the claims should be dismissed for failure to exhaust administrative remedies, the Court does not conclude that, objectively, the claims so lack legal merit such that they must be considered frivolous. The Sixth Circuit has not addressed the exhaustion of administrative remedies in the situation here and in *Cary*. **IT IS SO ORDERED.**

Date: June 19, 2020  /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge